17-1555-cr
*United States v. Roy*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand eighteen.

PRESENT:    RICHARD C. WESLEY,
                      DENNY CHIN,
                      SUSAN L. CARNEY,
                              *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                              *Appellee,*

            v.                                                    17-1555-cr

JOHN D. ROY,
                              *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR APPELLEE:                          Brian P. Leaming, Marc H. Silverman, of
                                                      Counsel, Assistant United States Attorneys, *for*
                                                      John H. Durham, United States Attorney for
                                                      the District of Connecticut, New Haven,
                                                      Connecticut.

FOR DEFENDANT-APPELLANT:      Robert F. Kappes, Silvester & Kappes, New London, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-appellant John D. Roy appeals from an amended judgment entered May 8, 2017, convicting him of possession of firearms and ammunition by a convicted felon, and unlawful manufacture of, and possession with intent to distribute, 100 plants or more of marijuana. Roy contends on appeal that his sentence of 240 months' imprisonment was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2008, a jury convicted Roy of unlawful possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One), and unlawful manufacture of, and possession with intent to distribute, 100 plants or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Two).

At Roy's initial sentencing in April 2010, the district court (Burns, *J.*) determined that Roy was subject to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), and sentenced him to 300 months' imprisonment -- 240 months on

Count One and 60 months on Count Two, to run consecutively. On appeal, this Court

affirmed the convictions, but remanded for resentencing because Roy had represented

himself at sentencing without the benefit of a full inquiry under *Faretta v. California*, 422

U.S. 806 (1975). *United States v. Roy*, 444 F. App'x 480, 484 (2d Cir. 2011) (summary

order). On remand, the district court again sentenced Roy to 300 months'

imprisonment. In 2013, this Court affirmed the sentence. *United States v. Roy*, 550 F.

App'x 17, 20 (2d Cir. 2013) (summary order).

In 2016, the Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243

(2016), holding that a prior state conviction cannot qualify as a predicate violent felony

under the ACCA "if its elements are broader than those of a listed generic offense[,] . . .

regardless of whether a statute omits or instead specifies alternative possible means of

commission." *Id.* at 2251. Relying on *Mathis*, Roy sought to vacate his sentence under

28 U.S.C. § 2255. On December 21, 2016, with the consent of the government, the

district court (Thompson, *J.*) granted the motion and ordered a resentencing.

On May 4, 2017, the district court resentenced Roy to 240 months'

imprisonment -- 120 months on Count One (the statutory maximum without the

ACCA's increased penalties) and 240 months on Count Two, to run concurrently. An

amended judgment was entered May 8, 2017. Roy timely appealed.

Roy challenges only the substantive reasonableness of his sentence. *See*

*United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc); *United States v.*

3

*Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We apply a "deferential abuse-of-discretion standard" to substantive review. *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion. . . ." *Id*. at 190. We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas,* 490 F.3d 208, 238 (2d Cir. 2007)) (emphasis in original). A sentence is substantively unreasonable if it would "damage the administration of justice because the sentence imposed was shockingly high." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Roy argues that his sentence is substantively unreasonable because (1) the district court "failed to give sufficient weight to [his] extraordinary post-sentence rehabilitation efforts" and (2) the sentence imposed on Count Two is substantially higher than sentences imposed in other marijuana cases in recent years, citing Sentencing Commission statistics. Def. Appellant Br. at 9, 17. We conclude that Roy's sentence is not substantively unreasonable.

Roy's first argument fails. The district court carefully considered and credited Roy's evidence of post-sentence rehabilitation, but ultimately concluded that the rehabilitation efforts did not warrant the weight that Roy argued they deserved. A district court may but is not required to impose a lesser sentence based on post-sentence

4

rehabilitation efforts. *See Pepper v. United States*, 562 U.S. 476, 490-91, 505 n.17 (2011) ("[W]e do not mean to imply that a district court must reduce a defendant's sentence upon any showing of postsentencing rehabilitation."). The district court acted well within its discretion in not further lowering Roy's sentence in light of his criminal history (which included at least 14 convictions and a return to criminal activity after serving more than 10 years in prison) and the seriousness of the defendant's conduct (possession of nine firearms and hundreds of rounds of ammunition and growing 136 marijuana plants). *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) ("The particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed to the discretion of the sentencing judge.'" (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)).

As to Roy's second argument, the district court's decision to sentence Roy to 240 months' imprisonment on Count Two was substantively reasonable. To support his argument, Roy cites only the Sentencing Commission statistics for "marijuana offenses," which show that the average length of a marijuana sentence across the country is 32 months, with a median of 20 months. Def. Appellant Br. at 17. He also notes that the average in the District of Connecticut is only 13 months. The reliance on the marijuana statistics, however, is misplaced, as the district court employed a grouping analysis to calculate Roy's sentencing range, and the range was driven more by the firearms offense (Count One) than by the marijuana offense (Count Two).

Moreover, Roy's sentence was within the Guidelines range. The district court calculated Roy's Guidelines range as 210 to 262 months. While we do not presume that a Guidelines sentence is reasonable, we do "recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. In this case, based on the gravity of the offense conduct and the other factors considered by the district court, we cannot say the sentence imposed exceeds the "range of permissible decisions," *Rigas*, 490 F.3d at 238, and, accordingly, we find that there was no abuse of discretion.

We have considered Roy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6